UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DORITH MAROM,<br><br>                    Plaintiff,<br>    v.<br><br>JBS USA LLC and SAMPCO, INC.,<br>                    Defendants. | 3:12 - CV - 810 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I.      INTRODUCTION**

Plaintiff Dorith Marom commenced this action in the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk at Stamford. *See* Doc. #1-1, p. 1-7 (Complaint, dated April 23, 2012, filed in *Marom v. JBS USA LLC and Sampco, Inc.*, No. FST-CV-12-6013696-S). In her complaint, plaintiff seeks to collect wages pursuant to Connecticut's wage payment law, Conn. Gen. Stat. § 31-72, from her former employer, defendant Sampco, Inc. ("Sampco") and its owner, defendant JBS USA LLC ("JBS"). Specifically, plaintiff alleges that defendants wrongfully denied payment of certain bonuses she was owed during 2010 and 2011, totaling $173,603.39. *Id.*, ¶ 31. She also seeks to recover $430,000.00, comprised of "[d]ouble the wages plus projected attorney[']s fees" under the Connecticut wage payment statute. *Id.*, ¶ 34. *See* Conn. Gen. Stat. § 31-72 (when an employer "fails to pay an employee wages [under the statute,] . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court").

1

On May 30, 2012, defendants jointly removed this action to federal court, pursuant to 28 U.S.C. § 1441, asserting that this Court has subject matter jurisdiction based on diversity of citizenship.[1]  Doc. #1 (Notice of Removal).  *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States").[2]  The Court must therefore ascertain the citizenship of the parties.[3]

## II.     DISCUSSION

It is incumbent upon a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it.   In fact, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*.  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also  Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").  Consequently, the Court must  review a plaintiff's complaint "at the

---

[1]Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[2]The jurisdictional amount element is satisfied.  Plaintiff seeks damages well  in excess of $75,000.  Doc. #1-1, ¶¶ 31, 34.

[3]Plaintiff's Complaint alleges no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute.  Therefore, there is no basis for "federal question" subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

earliest opportunity" to determine whether there is in fact subject matter jurisdiction.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997).

In general, where there is a lack of subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See, e.g., Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

In her Complaint, plaintiff has alleged that she "is an individual residing at 21 Joanne Circle, Westport, Connecticut." Doc. #1-1 (Complaint), ¶ 2. She has also alleged that defendant JBS is "a limited liability company organized and existing pursuant to the laws of Delaware with its principal place of business located in 1770 Promontory Circle, Greeley, Colorado." *Id.*, ¶ 3. Lastly, plaintiff has alleged that defendant Sampco is "a corporation organized and existing under the laws of Illinois with a principal place of business located at 651 W. Washington Blvd., Suite 300, Chicago, IL." *Id.*, ¶ 4.

In order for diversity of citizenship to exist, plaintiff's citizenship must be diverse from that of all defendants.  *See, e.g.*, *St. Paul Fire and Marine Insurance Company v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship,

diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e,* "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). *See also Palazzo*, 232 F.3d at 42; 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). Although an individual may have several residences, he or she can have only one domicile.[4] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence," and "one can reside in one place but be domiciled in another") (citations omitted).

Plaintiff has alleged her residency, but failed to state her citizenship. It is well-established that the latter may not be inferred from the former. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925). Because plaintiff has alleged only her residence, her citizenship must be

---

[4]The United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). "[S]uch place of abode becomes his residence . . . ." *Id.* The test for residency is thus less stringent than the "more rigorous domicile test." *Id.* *See also Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992) ("residency" is "an established abode, for personal or business reasons, permanent for a time.") (internal citations omitted).

confirmed.

With respect to defendant JBS, "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006), *cert. denied,* 549 U.S. 1047 (2006). Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[5] In her Complaint, plaintiff has failed to provide the identities and citizenship of each of JBS's members. Citizenship of each member of JBS must be determined to insure that complete diversity exists in this action.[6]

Lastly, plaintiff has alleged that defendant Sampco was incorporated and has its principal place of business in Illinois. Doc. #1-1, ¶ 4. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where

---

[5] *See also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

[6] The Court notes that JBS alleged in its Notice of Removal that it is "wholly-owned by JBS USA Holdings, Inc., a Delaware corporation with its principal place of business located in Greeley, Colorado." Doc. #1 (Notice of Removal), ¶ 8. The Court seeks clarification and/or confirmation regarding the members, or as may be, sole member of the limited liability company at the time this action was commenced.. If a corporation is, and was at the relevant time, in fact the sole owner of the limited liability company at issue, JBS will share the citizenship of that parent corporation for diversity purposes. *See, e.g., Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp.2d 939, 942 (S.D.Cal. 2007). The case may then proceed if diversity survives.

5

it has its principal place of business." In the Notice of Removal, Sampco has concurred with plaintiff's allegation that Illinois is both the state of its incorporation and principal place of business. Doc. #1, ¶ 9. Accordingly, for diversity purposes, the Court recognizes corporate defendant Sampco as a citizen of the state of Illinois in this action.

### III. <u>CONCLUSION</u>

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS plaintiff to submit an affidavit proclaiming her state of citizenship on the date she commenced this action. She must declare: (1) the state in which she was *domiciled* and principally established or her "true fixed home" and (2) the names, if any, of other states in which she had a residence. If there are additional states in which she maintained a residence, the affidavit must further provide: (a) the location of all residences she kept and (b) the approximate length of time she spent at each residence.

Furthermore, defendant JBS is hereby ORDERED to submit an affidavit explicitly setting forth the identities and state of citizenship of each of its members on the date plaintiff commenced this action.

Both plaintiff and JBS shall file and serve their affidavits regarding citizenship on or before **June 22, 2012.** If, upon review of the affidavits, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court shall remand the case to Connecticut Superior Court for resolution.

It is SO ORDERED.
Dated: New Haven, Connecticut
June 5, 2012

                                                    /s/ *Charles S. Haight, Jr.*
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge